

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Jos. B. Dart
County Attorney
Kendall County
Boerne, Texas

Dear Sir:

Opinion No. 0-7261

Re: Disposition of a rejected
bequest under the will of
Jos. Becker, Deceased.

From your request for opinion on the captioned matter we quote the following:

'Jos. Becker of Kendall County, died leaving a will in which he appointed W. E. Janensch his executor, without bond and providing that no action be had in the administration of his estate than to prove and record his will and return an inventory appraisement and list of claims. These provisions would make Mr. Janensch an independent executor.

"By the terms of his will Mr. Becker left $10.00 only to his son Jos. Becker, jr. he has refused the $10.00 and will not sign a release to the estate.

"In Simkins Administration of Estates in Texas Fernandez vs. Holland & Texas Hypoteek Bank, 221 S. W. 1004 is quoted on page 171, in these words 'The probate court has no jurisdiction to settle accounts between him and the heirs.' And quoting several other cases: 'However, management of an estate by an independent executor is an administration in contemplation of law, and he is required to conform to the probate laws as far as applicable.' Quoting Swearingen vs. Williams, 67 S. W. 1061, the author says in part '. . . . The usual mode of administering the estate is merely suspended for the time the independent executor is acting, and may be begun at any time, and then be conducted as prescribed by the various provisions of our statutes regulating the settlement of estates. The jurisdiction and powers of the court to settle the estate

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Jos. B. Dart, Page 2

> is always behind an independent administration.'
> Wilhelm's Estate vs. Matthews, 274 S. W. 251, is
> cited.

> "Article 3644 R.C.S. says in part: 'If any
> person entitled to a portion of an estate . . . .
> shall not demand his portion from the executor or
> administrator within six months after an order
> approving the report of commissioners of partition,
> the county judge by an order entered upon the
> minutes shall require the executor or administrator
> to pay so much of said portion as may be in money
> to the State Treasurer . . . . Upon the settlement
> of the final account of an executor or administrator,
> if the heirs, devisees or legatees of the estate
> . . . . do not appear, . . . . and there are any
> funds of such estate remaining in the hands of the
> executor or administrator, the county judge shall
> enter an order upon the minutes requiring such
> executor or administrator to pay such funds to the
> State Treasurer.'

> "Under the above stated facts and by reference
> to the quoted cases and the statutes governing the
> administration of estates by an executor appointed
> under a will in which the provisions of Art. 3436
> are embodied, would the county judge be authorized
> to accept an application from the independent
> executor for an order directing the independent
> executor to turn the $10.00 in question over to the
> State Treasurer, and in turn issue the order?"

While it is true, in one sense, that this bequest
is an "unclaimed portion" of the Estate of Becker, Deceased,
it more properly should be viewed as a rejected bequest. A
beneficiary under a will is not bound to accept a legacy or
devise therein provided for, but may disclaim or renounce
his right under the will. 69 C. J. 974, Sec. 2168. Where
the beneficiary disclaims or renounces his interest under
the will, it becomes inoperative as to him, and the property
will be dealt with as if the gift had not been made. Id,
Sec. 2169.

Honorable Jos. B. Dart, Page 3


Article 3644 was a part of a comprehensive act passed in 1876 pertaining to the estates of deceased persons. It is obvious from the plan and structure of said Act that this section was intended to apply to the portion of an estate which was bequeathed to persons who were non-resident, who could not be found, or who for any other reason were not represented in court at the time of the distribution of the estate. The money was placed in the custody of the Treasurer of the State in order that such persons later might make proper proof and recover them.

Therefore, it is our opinion that the County Judge would not be authorized to accept and grant an application from the independent executor for an order directing the payment of the $10.00 in question to the State Treasurer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 15, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

By Arthur L. Moller
Arthur L. Moller
Assistant

ALM:ms


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN